UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHARLENE FAYE PREJEAN              CIVIL ACTION NO. 6:10-cv-01725

VERSUS                            JUDGE DOHERTY

MICHAEL J. ASTRUE,                MAGISTRATE JUDGE HANNA
COMMISSIONER OF SOCIAL
SECURITY


## REPORT AND RECOMMENDATION


Before the court is an appeal of the Commissioner's finding of non-disability.

Considering the administrative record, the briefs of the parties, and the applicable

law, it is recommended that the Commissioner's decision be affirmed.


## BACKGROUND AND THE COMMISSIONER'S FINDINGS

On May 20, 2009, the claimant, Charlene Faye Prejean, applied for

Supplemental Security Income benefits,[1] claiming that she became disabled on

January 1, 2006.  In a contemporaneous disability report, she claimed that she is

unable to work because she suffers with bipolar disorder, depression, anxiety, and

---

[1]      Rec. Doc. 5-6 a 2.

post-traumatic stress disorder.[2]  A determination was made that she is not disabled.[3]

Ms. Prejean requested a hearing,[4] and a hearing was held on January 20, 2010 before

Administrative Law Judge ("ALJ") Joan H. Deans.[5]

Ms. Prejean was born on August 4, 1960,[6] and currently is 51 years old.  She

dropped out of school in the twelfth grade but obtained a GED in 1982.[7]  She claims

that she last worked in 2006,[8] but also claimed, in her work history report, that she

could not remember any of her prior jobs.[9]  She later testified at the hearing that she

has worked as a cashier, deli worker, and caterer.[10]  Her attorney advised the Appeals

Council that she worked for six years as a lab technician for a clothing

---

[2]      Rec. Doc. 5-7 at 7.

[3]      Rec. Doc. 5-4 at 2; Rec. Doc. 5-5 at 2.

[4]      Rec. Doc. 5-5 at 10.

[5]      The hearing transcript is found in the record at Rec. Doc. 5-3 at 23-56.

[6]      Rec. Doc. 5-3 at 29.

[7]      Rec. Doc. 5-3 at 29.

[8]      Rec. Doc. 5-3 at 31.

[9]      Rec. Doc. 5-7 at 31.

[10]      Rec. Doc. 5-3 at 32-33.

manufacturer,[11] and the same claim was made in support of her appeal.[12]  But that claim is not supported by any evidence in the record.

Ms. Prejean claims to have panic attacks on a daily basis,[13] lasting anywhere from five minutes to an hour, but claims not to know what triggers them.[14]  She also claims to have a poor memory.[15]  She testified that she rarely goes anywhere, preferring to not be around people.[16]

The record contains medical records for Ms. Prejean from Crowley Mental Health Center, covering the time period from December 4, 2008 to December 23, 2009.  Ms. Prejean presented at Crowley Mental Health Center on December 4, 2008, having been off of her medication for approximately eight months.[17]  She was diagnosed with bipolar disorder and post-traumatic stress disorder.[18]  Dr. Robert McManus, her treating physician, stated that she needed to get back on her

---

[11]     Rec. Doc. 5-3 at 5.

[12]     Rec. Doc. 10 at 1.

[13]     Rec. Doc. 5-3 at 37.

[14]     Rec. Doc. 5-3 at 49-50.

[15]     Rec. Doc. 5-3 at 44.

[16]     Rec. Doc. 5-3 at 46.

[17]     Rec. Doc. 5-8 at 12.

[18]     Rec. Doc. 5-8 at 14.

medications.[19]  On June 24, 2009, Dr. McManus indicated that Ms. Prejean is able to perform home and yard work as well as activities of daily living.[20]  He also noted that her concentration seemed good.[21]  In July 2009, a treatment note indicates that Ms. Prejean was afraid to try to work because she was afraid that she might "go off" on someone, as allegedly happened in the past.[22]  In October 2009, Ms. Prejean was reportedly doing well on her medications.[23]  On December 23, 2009, she was doing well with no complaints.[24]

On January 20, 2010, Ms. Prejean appeared for a hearing before ALJ Deans, accompanied by her attorney, Stephen A. Stefanski.  Ms. Prejean testified that she was continuing to take medications for depression and that she has gotten used to them.[25]  She also testified that the only thing preventing her from working is the fact

---

[19]     Rec. Doc. 5-8 at 11.

[20]     Rec. Doc. 5-8 at 5.

[21]     Rec. Doc. 5-8 at 5.

[22]     Rec. Do. 5-8 at 53.

[23]     Rec. Doc. 5-8 at 65.

[24]     Rec. Doc. 5-8 at 61.

[25]     Rec. Doc. 5-3 at 35.

that she has panic attacks.[26]  At the time of the hearing, Ms. Prejean was continuing treatment at Crowley Mental Health Clinic.

An unfavorable decision was rendered on February 19, 2010.[27]  Ms. Prejean requested review by the Appeals Council, but the Appeals Council denied her request.[28]  This appeal was filed on November 15, 2010.[29]


## ASSIGNMENT OF ERRORS

Ms. Prejean contends that the ALJ erred because (1) he made no finding as to whether she can sustain work activity, and (2) no consulting examiner contradicted the medical evidence submitted by Ms. Prejean's treating physician.


## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether the decision was supported by substantial evidence and whether the proper

---

[26]   Rec. Doc. 5-3 at 35.

[27]   Rec. Doc. 5-3 at 13.

[28]   Rec. Doc. 5-3 at 2.

[29]   Rec. Doc. 1.

legal standards were applied in reaching the decision.[30]   If the Commissioner's findings are supported by substantial evidence, they must be affirmed.[31]   Substantial evidence is more than a mere scintilla and less than a preponderance.[32]   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[33]   Finding substantial evidence requires scrutiny of the entire record as a whole.[34]   In applying this standard, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[35]

## DISCUSSION

A claimant seeking Social Security benefits bears the burden of proving that he or she is disabled.[36]   Disability is defined in the Social Security regulations as the "inability to engage in any substantial gainful activity by reason of any medically

---

[30]     *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

[31]     *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[32]     *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[33]     *Boyd v. Apfel,* 239 F.3d at 704.

[34]     *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

[35]     *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d at 135.

[36]     *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[37]   Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit.[38]

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1.   An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2.   An individual who does not have a severe impairment will not be found disabled.

3.   An individual who meets or equals an impairment listed in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 will be considered disabled without consideration of vocational factors.

4.   If an individual is capable of performing the work he has done in the past, a finding of not disabled must be made.

5.   If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and

---

[37]     42 U.S.C. § 423(d)(1)(A).

[38]     20 C.F.R. § 404.1572(a)-(b).

residual functional capacity must be considered to determine if the claimant can perform any other work.[39]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[40] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the claimant's record.[41]  The claimant's residual functional capacity is used at the fourth step to determine if the claimant can still do his past relevant work, and is used at the fifth step to determine whether the claimant can adjust to any other type of work.[42]

The claimant bears the burden of proof on the first four steps.[43]  At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[44]  This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by

---

[39]     *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991), summarizing 20 C.F.R. § 404.1520(b)-(f). See, also, *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[40]     20 C.F.R. § 404.1520(a)(4).

[41]     20 C.F.R. § 404.1545(a)(1).

[42]     20 C.F.R. § 404.1520(e).

[43]     *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[44]     *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

expert vocational testimony, or by other similar evidence.[45]   If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[46]  If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[47]

In this case, the Commissioner found, at step one, that Ms. Prejean has not engaged in substantial gainful activity since April 30, 2009, the date on which she applied for SSI.[48]   At step two, the ALJ found that Ms. Prejean has two severe impairments: depression and anxiety.[49]  At step three, the ALJ found that Ms. Prejean does not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments.[50]  The ALJ then found that Ms. Prejean has the residual functional capacity to perform a full range of work at all exertional levels but with nonexertional limitations requiring that she be limited to work that consists of one, two, or three-step instructions, have no contact with the consuming public, and

---

[45]     *Fraga v. Bowen*, 810 F.2d at 1304.

[46]     *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[47]     *Anthony v. Sullivan*, 954 F.2d at 293, citing *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988).  See, also, 20 C.F.R. § 404.1520(a)(4).

[48]     Rec. Doc. 5-3 at 15.

[49]     Rec. Doc. 5-3 at 15.

[50]     Rec. Doc. 5-3 at 15.

have limited contact with coworkers.[51]  At step four, the ALJ found that Ms. Prejean is unable to perform her past relevant work.[52]  At step five, the ALJ found that there are jobs, existing in significant numbers in the national economy, that Ms. Prejean can perform.[53]  Therefore, the ALJ found that Ms. Prejean is not disabled.

Ms. Prejean argues that the ALJ erred in two ways:  first, by failing to make a finding regarding her ability to sustain employment and, second, because no consulting physician's opinion refuted the medical evidence from her treating physician.

## A.    NO FINDING ON MS. PREJEAN'S ABILITY TO SUSTAIN WORK ACTIVITY WAS NECESSARY.

Ms. Prejean argues that the ALJ's ruling was erroneous because it failed to contain a finding concerning her ability to sustain a job after she begins work.  She argues that the ALJ erred in failing to "illicit [sic] evidence from the vocational expert as to whether or not Ms. Prejean could work on a regular and continuing basis. . . ."[54]

---

[51]     Rec. Doc. 5-3 at 18.

[52]     Rec. Doc. 5-3 at 19.

[53]     Rec. Doc. 5-3 at 19.

[54]     Rec. Doc. 10 at 2.

Ms. Prejean claims that she cannot work because she has daily panic attacks lasting anywhere from five minutes to one hour in length.  The record contains no medical evidence supporting that contention.  Still, at the hearing, the ALJ asked the vocational expert if an employee's missing of five minutes of work during the day would affect her employment.  The answer was no.  The ALJ then asked the vocational expert if an employee's not attending to work because of an hour long panic attack would similarly be excused by the employer.  The answer was different. The vocational expert testified that missing an hour of unscheduled time during the work day would likely imperil the employment.  Ms. Prejean argues that this mandates a finding that Ms. Prejean is disabled because she cannot sustain employment.  She further argues that the ALJ erred in failing to include a sustainability finding in her ruling.  There are two reasons why this argument lacks merit.  First, an ALJ is not required to make such a finding in all cases.  Second, the ALJ did not find Ms. Prejean's testimony concerning the length of her panic attacks credible.

There is no requirement that an ALJ make a finding regarding the sustainability of employment in all cases.[55]  Such a finding is necessary only when the claimant's

---

[55]     *Perez v. Barnhart*, 415 F.3d at 465; *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003).

"ailment waxes and wanes in its manifestation of disabling symptoms."[56]  In all other

cases, even when the claimant alleges that an impairment causes good days and bad

days,[57] "the claimant's ability to maintain employment is subsumed in the RFC

[residual functional capacity] determination."[58]  "A finding that a claimant is able to

engage in substantial gainful activity requires more than a simple determination that

the claimant can find employment and that he can physically perform certain jobs; it

also requires a determination that the claimant can *hold* whatever job he finds for a

significant period of time."[59]  "[T]he ability of a claimant to perform jobs in the

national economy must take into account the actual ability of the claimant to find and

hold a job in the real world."[60]  This requirement extends to cases involving mental

as well as physical impairments.[61]

In this case, the ALJ expressly recognized that an individual's residual

functional capacity is his "ability to do physical and mental work activities on a

---

[56]    *Perez v. Barnhart*, 415 F.3d at 465, quoting *Frank v. Barnhart*, 326 F.3d at 619.

[57]    *Perez v. Barnhart*, 415 F.3d at 465.

[58]    *Perez v. Barnhart*, 415 F.3d at 465.

[59]    *Singletary v. Bowen*, 798 F.2d at 822 (emphasis in original).

[60]    *Singletary v. Bowen*, 798 F.2d at 822, quoting *Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir. 1984).

[61]    *Watson v. Barnhart*, 288 F.3d 212, 217–18 (5th Cir. 2002).

sustained basis."[62]  The ALJ also found that Ms. Prejean was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."[63]  Furthermore, although Ms. Prejean contends that her frequent panic attacks preclude her ability to sustain employment, there is no evidence in the record establishing that the mental impairments Ms. Prejean complains about wax and wane in the manifestation of disabling symptoms.  Under these circumstances, the ALJ was not required to make a specific finding on Ms. Prejean's ability to maintain employment.  There was no evidence that Ms. Prejean's ability to maintain employment would be compromised despite her ability to perform employment as an initial matter, or any indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of residual functional capacity.[64]

Ms. Prejean does not contend that her bipolar disorder or her depression wax and wane in severity over time, resulting in intermittent periods of incapacity, and she offered no evidence establishing such a waxing and waning of her symptoms. Therefore, the ALJ was not required to make a specific finding that she is able to

---

[62]     Rec. Doc. 5-3 at 14.

[63]     Rec. Doc. 5-3 at 20.

[64]     See *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003).

maintain employment.[65]  It is also significant that Ms. Prejean offered no evidence from her treating physician opining that she is completely disabled and unable to work because of her impairments.  There is no evidence that she has had an episode of decompensation, and no evidence that she has been hospitalized for her condition. To the contrary, the evidence supports the conclusion that when Ms. Prejean consistently takes her prescribed medication, she does well.  The ALJ reviewed the record as a whole and included limitations attributable to Ms. Prejean's mental impairment in her finding that Ms. Prejean should be limited to performing work consisting of one, two, or three-step instructions and having little contact with the public and other employees.  Therefore, the ALJ did not err in not making a finding as to whether Ms. Prejean would be able to maintain any employment she might obtain.

To summarize, an explicit finding that the claimant can maintain employment is not required unless there is evidence in the record that the claimant's condition waxes and wanes in its manifestation of disabling symptoms.  No such evidence was presented here.  Accordingly, no such finding was required.

Second, as will be discussed in greater detail below, the ALJ did not find Ms. Prejean's testimony concerning the length of her alleged daily panic attacks to be

---

[65]     *Dunbar v. Barnhart*, 330 F.3d at 672.

credible.  There is no medical evidence that Ms. Prejean has daily panic attacks or panic attacks that last for more than five minutes.  Therefore, the ALJ was justified in discounting that claim and the hypothetical question based on that claim.  An ALJ is not bound by vocational expert testimony, which is based upon hypothetical assumptions that are rejected by the ALJ.[66]

Accordingly, the ALJ was not required to make a separate finding that Ms. Prejean could maintain a job.  Rather, the vocational expert's testimony in response to the ALJ's hypothetical questions are substantial evidence that Ms. Prejean could maintain gainful employment over a substantial period of time based on the ALJ's finding that she might have daily panic attacks of approximately five minutes in length.  Consequently, this assignment of error lacks merit.

## B.   LACK OF EXAMINATION BY A CONSULTING PHYSICIAN

Ms. Prejean's second argument is difficult to understand.  She may be arguing that the Commissioner's ruling is flawed because the ALJ did not have Ms. Prejean examined by a consulting physician, or she may be arguing that the ALJ erred in finding her disabled because there was no medical evidence in the record contrary to that of her treating physician.  In either case, the argument lacks merit.

---

[66]     See *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985).

The ALJ has discretion to decide whether to require a claimant to undergo a consultative examination.[67] However, "[u]nder some circumstances . . . a consultative examination is required to develop a full and fair record."[68]  When the ALJ is unable to make a disability determination based on the medical evidence in the record, and the claimant has presented evidence sufficient to raise a suspicion concerning a non-exertional impairment,[69] the ALJ is required to order a consultative evaluation.[70] Thus, when "the existing medical evidence is inadequate to make an informed disability determination, the Commissioner has a duty to develop the record by recontacting a claimant's medical sources or by referring the claimant for a consulting exam."[71]

In this case, Ms. Prejean does not argue that the medical evidence in the record was inadequate for the ALJ to make an informed disability determination.  To the contrary, she argues that the evidence in the record *was* sufficient for the ALJ to make a decision, however, the ALJ made the wrong decision.  Therefore, no consulting examination was necessary.

---

[67]     *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

[68]     *Jones v. Bowen*, 829 F.2d at 526.

[69]     *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

[70]     *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977).

[71]     *Jessee v. Barnhart*, 419 F.Supp.2d 919, 933-34 (S.D. Tex. 2006).

Ms. Prejean claims to be disabled because of nonexertional impairments, and the records from the physician who is treating her for those impairments are contained in the record.  Her treating physician made no recommendation that she refrain from working and offered no opinion that the nature and severity of her impairments prevent her from working.  In fact, her medical records contain no restrictions of any kind by her physician on her activities.  The lack of evidence of restrictions imposed by a physician upon a claimant's activities can be interpreted only in favor of a finding that the claimant is not disabled.[72]   Therefore, the ALJ had no duty or obligation to have Ms. Prejean examined by another physician.

Furthermore, Ms. Prejean suggests that the only reason she cannot work is because she has panic attacks.[73]  She does not know what triggers them.[74]  She claims that they occur every day and last from five minutes to one hour, with occasional panic attacks lasting much longer.[75]  There is no evidence in the record corroborating these claims.  More specifically, there is no medical evidence that Ms. Prejean has daily panic attacks and no medical evidence concerning the length of her alleged

---

[72]    See *Hollis v. Bowen*, 837 F.2d 1378, 1387 (5th Cir. 1988).

[73]    Rec. Doc. 5-3 at 35.

[74]    Rec. Doc. 5-3 at 37, 49.

[75]    Rec. Doc. 5-3 at 49.

panic attacks.  "[S]ubjective symptoms alone, absent some indication that they are supported by objective medical evidence, fail to support a disability finding."[76] Therefore, Ms. Prejean's testimony concerning her panic attacks does not support a finding that she is disabled.

When a "claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence."[77]  In this case, the ALJ made a disability determination based on the evidence in the record.  The ALJ found Ms. Prejean credible to the extent that she might have a five-minute panic attack every day, but found her not credible to the extent that her symptoms – implicitly, her testimony regarding longer and/or more frequent panic attacks – are inconsistent with a residual functional capacity to perform a full range of work at all exertional levels but with the nonexertional limitations noted in the ruling.  The ALJ is entitled to determine the credibility of the lay witnesses and medical experts and to weigh their opinions and testimony in accordance with their credibility.[78]  Therefore, the ALJ in this case was authorized to judge the credibility of Ms. Prejean's testimony.  Notably, the ALJ did not ignore Ms. Prejean's testimony regarding her panic attacks; instead, she found

---

[76]      *Salgado v. Astrue*, 271 Fed. App'x 456, 460 (5th Cir. 2008), citing SSR 96-7p and 20 C.F.R. § 404.1529.

[77]      *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).

[78]      *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

Ms. Prejean's testimony partially credible and incorporated the symptoms she found credible into the finding regarding Ms. Prejean's residual functional capacity.

In this case, the ALJ did not err in failing to have the claimant examined by a consulting physician.

Furthermore, the ALJ's decision is not erroneous because the record contains no medical evidence contrary to that of Ms. Prejean's treating physician.  Whether a person is disabled is a decision made by the Commissioner, not by the examining physicians.  Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining whether a claimant is disabled.[79]  In fact, the ALJ is free to reject a physician's opinion when the evidence supports a contrary conclusion.[80]  In this case, Dr. McManus provided diagnoses of Ms. Prejean's mental conditions, but he did not corroborate her claim that she cannot work because of frequent lengthy panic attacks, and there is no indication that the ALJ discounted Dr. McManus's opinions.  Merely because there was no medical evidence contrary to that set forth in Dr. McManus's records does not mean that Ms. Prejean is not disabled. This assignment of error lacks merit.

---

[79]      *Newton v. Apfel*, 209 F.3d at 455.

[80]      *Newton v. Apfel*, 209 F.3d at 455-56.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be AFFIRMED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

Signed in Lafayette, Louisiana, this 12th day of January, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)